# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 24, 2015

MEMORANDUM TO COUNSEL

Re:     *Beckett v. Genesis HealthCare, LLC, et al.*
        Civil Action No. ELH-14-3065

Dear Counsel:

As you know, on September 29, 2014, plaintiff Dorothea E. Beckett, a Certified Nursing Assistant who suffers with epilepsy, filed suit against defendants Genesis HealthCare, LLC and Genesis Multi-Medical Center.[1] *See* ECF 1 ("Complaint").  Beckett alleged discrimination in employment, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.  Id.* Defendants answered on November 18, 2014.  *See* ECF 5.

On February 23, 2015, defendants filed a "Motion to Enforce Settlement Agreement" (ECF 11, "Motion to Enforce"), supported by a memorandum of law (ECF 11-1) and twenty exhibits.  *See* ECF 11-2 through ECF 11-21.  The submission was filed under seal.  *See* ECF 12. Defendants also filed "Defendants' Motion To File Under Seal Their Motion to Enforce Settlement Agreement, Memorandum in Support and Supporting Exhibits."  *See* ECF 13.

Then, on February 24, 2015, defendants filed a corrected "Defendants' Motion To File Under Seal Their Memorandum In Support Of Defendants' Motion to Enforce Settlement Agreement and Supporting Exhibits" (ECF 15, "Motion to Seal"), requesting that the Court seal only the memorandum of law ("Memorandum", ECF 12-1) and the supporting exhibits (ECF 12-2 through ECF 12-21), but not the Motion to Seal.[2] Defendants also filed a corrected Exhibit 19 in support of the Motion to Enforce.  *See* ECF 14.

In the Motion to Seal, defendants submit that the Memorandum and exhibits should be sealed in their entirety because they "contain information relating to confidential settlement negotiations and the particular settlement terms reached between the parties that neither party intended to be publicized in any matter."  ECF 15 at 1. Defendants further contend: "It would be disadvantageous to Defendants if such information were released to the public as it would reveal

---

[1] In their "Answer," ECF 5, defendants clarified that Genesis Multi-Medical Center's correct name is 7700 York Road Operations LLC.

[2] The initial motion to seal (ECF 13) requested the sealing of the motion as well as the attachments.  *See* ECF 13 at 1.

a specific settlement amount paid to a former employee.  There are no practical alternatives to sealing these documents that would adequately protect Defendants' interests." *Id.* at 2.

The common law presumes that the public and the press have a qualified right to inspect and copy all judicial records and documents.  *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014) (citations omitted); *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004), *cert. denied*, 544 U.S. 949 (2005); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n.17 (1980) ("[H]istorically both civil and criminal trials have been presumptively open.").   The common law right of access can be abrogated in "unusual circumstances," where "countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *accord Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 121 (D. Md. 2009).

The common law right of access is buttressed by a "more rigorous" right of access provided by the First Amendment, which applies to a more narrow class of documents, but is more demanding of public disclosure.  *Rushford*, 846 F.2d at 253.  If a court record is subject to the First Amendment right of public access, the record may be sealed "only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone v. University of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).   "When presented with a sealing request, our right-of-access jurisprudence requires that a district court first 'determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake.'"  *Doe*, 749 F.3d at 266 (4th Cir. 2014) (quoting *Stone*, 855 F.2d at 181).

Local Rule 105.11 is also pertinent.  It requires a party seeking to seal documents to provide the court with "reasons supported by specific factual representations to justify the sealing" and "an explanation why alternatives to sealing would not provide sufficient protection."

Defendants have endeavored to satisfy Local Rule 105.11.  In my view, however, defendants have not articulated a sufficient basis to overcome the common law public right of access to retain the Memorandum and exhibits under seal in their entirety,.  Although some of the documents submitted in support of the Motion to Enforce may include confidential information, seemingly that is not so for the documents in their entirety. For instance, Exhibit 1 (ECF 12-3) is eight pages of email correspondence between Sherese S. Buie, a federal investigator from the United States Equal Employment Opportunity Commission, and Amy M. Fritsky from Genesis Healthcare, LLC, concerning settlement negotiations.  Understandably, the correspondence is redacted to conceal Ms. Buie and Ms. Fritsky's contact information.  *See e.g.*, ECF 12-3 at 2-7.  Nevertheless, it is apparent that not every line in the correspondence is subject to sealing.  Yet, defendants offer no explanation as to why less restrictive alternatives to complete sealing, such as filing redacted versions of these exhibits, would fail to provide sufficient protection.

Accordingly, I will deny the Motion to Seal (ECF 15), without prejudice to a renewed motion to seal with proposed redactions, to be filed within 14 days of the docketing of this Order.  If the renewed motion includes proposed redactions to certain documents, defendants shall submit both (1) a "clean" copy of each document that in their view should be redacted, which will remain under seal; and (2) a proposed redacted version of every such document, to be included on the public docket.

In the interim, I will direct the Clerk to retain the Memorandum and exhibits under seal, pending further instructions from the Court.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge